# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:** <br> **15 Chick Drive, Monmouth, ME 04259** |
| **Jamey R. Cotnoir and Patrick J. Cotnoir** | Mortgage: <br> **January 12, 2007** <br> **Book 9223, Page 0128** <br> **Kennebec Registry of Deeds** |
| **Defendants** <br> **OneMain Financial Group, LLC.** <br> **State of Maine - Maine Revenue Services** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, in which the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are the obligor and the total amount owed under the terms of the Note is Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2 is a Corporation with its principal place of business located at 101 Barclay Street 4W, New York, NY 10286.

5. The Defendant, Jamey R. Cotnoir, is a resident of Monmouth, County of Kennebec and State of Maine.

6. The Defendant, Patrick J. Cotnoir, is a resident of Monmouth, County of Kennebec and State of Maine.

7. The Party-in-Interest, OneMain Financial Group, LLC, is located at 100 International Driive, 16th Floor, Baltimore, MD 21202.

8. The Party-in-Interest, State of Maine - Maine Revenue Services, is located at 24 State House Station, Augusta, ME 04333.

## FACTS

9. On April 8, 2005, by virtue of a Warranty Deed from James P. Roy and Susan P. Roy, which is recorded in the Kennebec Registry of Deeds in **Book 8367, Page 169**, the property situated at 15 Chick Drive, City/Town of Monmouth, County of Kennebec, and State of Maine, was conveyed to Patrick J. Cotnoir and Jamey R. Cotnoir, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On January 12, 2007, Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, executed and delivered to America`s Wholesale Lender a certain Note under seal in the amount of $215,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on January 12, 2007, Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for America`s Wholesale Lender, securing the property located at 15 Chick Drive, Monmouth, ME 04259 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 9223**, **Page 0128**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2 by virtue of an Assignment of Mortgage dated May 8, 2012, and recorded in the Kennebec Registry of Deeds in **Book 11032**, **Page 307** (Arguably ineffective under

*Greenleaf*).  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2 by virtue of a Quitclaim Assignment dated March 2, 2016, and recorded in the Kennebec Registry of Deeds in **Book 12252**, **Page 158**.  *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On May 31, 2024, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the United States Postal System Tracking Records (herein after referred to as the "Demand Letter").  *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit F.

16. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, hereby certifies it is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. OneMain Financial Group, LLC. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $6,814.31 dated May 1, 2020, and recorded in the Kennebec Registry of Deeds in **Book 13595**, **Page 260** and is in second position behind Plaintiff's Mortgage. Said Writ of Execution is not perfected and may be invalid because there is no proof that the creditor notified the debtor by certified or registered mail of the existence of the lien under Title 14, Sec 4651-A(5) which is required to be sent within 20 days of the recording of the execution.

21. State of Maine - Maine Revenue Services is a de minimus Party-in-Interest pursuant to a Notice of State Lien in the amount of $3,634.42 dated April 4, 2024, and recorded in the Kennebec Registry of Deeds in **Book 15024**, **Page 103** and may be in third position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of September 7, 2024, is Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $234,368.70 |
| Interest | $2,492.60 |
| Unpaid Late Charges | $61.24 |
| Total Advances | $1,299.00 |

| | |
|---|---:|
| Escrow Advance | $2,062.60 |
| Interest on Advances | $38.54 |
| Grand Total | $240,322.68 |

23. Upon information and belief, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 15 Chick Drive, Monmouth, County of Kennebec, and State of Maine. *See* Exhibit A.

26. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2024, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of September 7, 2024, is Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars.

30. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, on May 31, 2024, evidenced by the records of the United States Postal Service records. *See* Exhibit F.

33. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are not in the Military as evidenced by the attached Exhibit G.

34. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On January 12, 2007, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, executed under seal and delivered to America`s Wholesale Lender a certain Note in the amount of $215,000.00. *See* Exhibit B.

37. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are in default for failure to properly tender the April 1, 2024, payment and all subsequent payments. *See* Exhibit F.

38. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir.

39. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

40. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir's, breach is knowing, willful, and continuing.

41. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir's, breach has caused Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of September 7, 2024, if no payments are made, is Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, entered into a written contract with America`s Wholesale Lender who agreed to loan the amount of $215,000.00 to the Defendants. *See* Exhibit B.

47. As part of this contract and transaction, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note and successor-in-interest to America`s Wholesale Lender, and has performed its obligations under the Note and Mortgage.

49. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2024, payment and all subsequent payments. *See* Exhibit F.

50. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir.

51. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

52. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are indebted to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2 in the sum of Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars, for money lent by the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, to the Defendants.

53. Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir's, breach is knowing, willful, and continuing.

54. Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir's, breach has caused Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of September 7, 2024, if no payments are made, is Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

### COUNT IV –UNJUST ENRICHMENT

58. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. America`s Wholesale Lender, predecessor-in-interest to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, loaned the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, $215,000.00.  *See* Exhibit B.

60. The Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, have failed to repay the loan obligation.

61. As a result, the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, have been unjustly enriched to the detriment of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2 as successor-in-interest to America`s Wholesale Lender by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is entitled to relief.

63. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any Parties-In-Interest that appear in this action;

c) Grant possession to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, upon the expiration of the period of redemption;

d) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are in breach of the Note by failing to make payment due as of April 1, 2024, and all subsequent payments;

e) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are in breach of the Mortgage by failing to make payment due as of April 1, 2024, and all subsequent payments;

f) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 1, 2024 and all subsequent payments;

h) Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, to restitution;

k) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, are liable to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, for money had and received;

l) Find that the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, is entitled to restitution for this benefit from the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Jamey R. Cotnoir and Patrick J. Cotnoir, and in favor of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2, in the amount of Two Hundred Forty Thousand Three Hundred Twenty-Two and 68/100 ($240,322.68) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2,
By its attorneys,

Dated: September 9, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com